IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER E. LONGSTRETH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-05-221-C |
| ) | |
| STEVE TUCKER, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Pursuant to an order by Chief United States District Judge Robin J. Cauthron, the matter has been re-referred to the undersigned Magistrate Judge for pretrial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Currently before the Court are Plaintiff's motion for temporary restraining order and motion for preliminary injunction [Doc. No. 127], Plaintiff's motion to stay case [Doc. No. 129], Plaintiff's motion for leave to file sur-reply [Doc. No. 130], Plaintiff's motion re-urging his motion for temporary restraining order and preliminary injunction [Doc. No. 133], and Plaintiff's Motion for Leave to File Response to Defendants' Supplemental Special Report [Doc. No. 135].

Chief Judge Cauthron adopted a previous Report and Recommendation of the undersigned in which it was recommended that the motions for summary judgment of Defendants Ward and Justin Jones; Defendants Green, Watson, and Workman; and Defendants Robb and Tom Jones be granted. [Doc. No. 118]. Chief Judge Cauthron also adopted the undersigned's recommendation that the motion for summary judgment of Defendant Tucker be granted with regard to Plaintiff's official capacity and state law

claims, but denied as to Plaintiff's Eighth Amendment excessive force claim, Plaintiff's claim for compensatory damages for emotional and psychological trauma, and Defendant Tucker's defense of qualified immunity. As noted, Chief Judge Cauthron re-referred the matter for the purpose of conducting pretrial proceedings.

In the motions currently before the Court, Plaintiff complains that on October 4, 2007, he was transferred from the James Crabtree Correctional Center (JCCC) to the Cimarron Correctional Facility (a private prison facility in Cushing, Oklahoma), and that approximately four weeks prior to this date his legal materials were seized in anticipation of transfer. Plaintiff's Declaration in Support of Motion for Temporary Restraining Order, ¶ 2, 3; Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction, p. 3. Plaintiff claims that he was advised that his materials would be destroyed within thirty days if not sent out of the Oklahoma Department of Corrections because they exceeded the one cubic foot legal property rule. Plaintiff's Declaration in Support of Motion for Temporary Restraining Order, ¶3. Plaintiff alleges that the day before his transfer he was given approximately two hours to review the materials, but that he was only able to partially accomplish his review of separating the documents because he was in a wheelchair. Id. at ¶ 14. He claims that all of the documents were again boxed up by the property officer, and he was advised he had thirty days to send them out. Id. Plaintiff states that he informed JCCC Warden David Parker that the materials included materials necessary to his pursuit of the instant litigation, and needed to be secured. Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction, p. 3.

Defendant Tucker has responded to the motion for restraining order and injunction, indicating that the date upon which the legal materials were to have been destroyed has passed, rendering Plaintiff's motion moot. Defendant Tucker also urges the Court to dismiss the "lawsuit" because Plaintiff's administrative remedies with regard to the legal materials have not yet been exhausted. [Doc. No. 128].

Concerned that the Court did not yet have the benefit of a response from the prison administration regarding the incident, circumstances, and conditions which Plaintiff outlined in his motion; in particular, with regard to Defendant Tucker's claim that the matter may be moot, or that the issue may have been adequately addressed through Plaintiff's administrative process. the Oklahoma Attorney General on behalf of the Oklahoma Department of Corrections was directed to file a very brief supplemental special report under <u>Martinez v. Aaron</u>, 570 F.2d 317, 320 (10th Cir. 1978).  That report has now been received.

From that supplemental report, it appears that Plaintiff's concerns regarding his legal materials are far from moot. <u>See</u> Supplemental Special Report, p. 5-6. Moreover, it appears that the administrative process has been completed[1] and no resolution has been achieved thereby. <u>Id.</u> The supplemental special report makes it clear that the legal materials seized do indeed contain materials pertaining to the instant litigation, as they have been inventoried by the Oklahoma Department of Corrections. <u>Id.</u> at 4. Plaintiff indicated in his earlier request to staff that he did not have adequate time to go through the two boxes of legal materials prior to his transfer due to the fact that he was

---

[1]Plaintiff indicated in his Motion for Leave to File Response to Supplemental Special Report that his appeal to the administrative review authority is still pending. <u>Id.</u> at ¶ 7.

wheelchair bound, but did identify the files from the current litigation – by case number – as those which he needed. Supplemental Special Report, Att. 5, p. 1. Nonetheless, the various responses to Plaintiff's subsequent administrative materials appear to deny those requests based upon Plaintiff's inability to identify *all* of the case numbers associated with the legal materials he claims he needs. Id. at 3, 5; att. 6, p. 4, 9, 14; att. 7, p. 1-2 ¶¶ 7, 8.

In order to obtain a preliminary injunction, Plaintiff must demonstrate the following : (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) that the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) that the injunction is not adverse to the public interest. Salt Lake Tribune Pub. Co., LLC v. AT & T Corp., 320 F.3d 1081, 1099 (10th Cir. 2003) (quoting Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001)). In addition, the right to relief must be "clear and unequivocal" because " a preliminary injunction is an extraordinary remedy." Id. After weighing these factors in light of Plaintiff's burden and the requirement that the right to relief be clear and unequivocal, the undersigned recommends that Plaintiff's application be granted, and that the Oklahoma Department of Corrections immediately provide him with all materials pertaining to this litigation contained within those legal materials seized on or about October 2, 2007, preceding his transfer to the Cimarron Correctional Facility.

First, although it is not entirely clear at this point that there is a substantial likelihood that Plaintiff will prevail on the ultimate merits of his litigation, he has

withstood a motion for summary judgment and has entered the pretrial stages of this litigation. Thus, his access to the legal materials pertaining to his case against Defendant Tucker is obviously of great importance, particularly as an uncounseled litigant. Second, if injunctive relief is denied, and Plaintiff is forced to proceed with trial preparation without his legal materials any resulting harm could be irreparable – forcing him to pursue an appeal with the more exacting standards applicable to jury determinations. Third, the threatened injury to Plaintiff outweighs the injury to the Oklahoma Department of Corrections under the preliminary injunction, because the materials have already been inventoried and apparently sorted by case number. Finally, there is nothing obviously adverse to the public interest should the injunction be granted. As Plaintiff alleges in his Motion to for Leave to file Response to Supplemental Special Report, the prison facility in which he is housed is nonsmoking. Furthermore, there has been no information provided regarding how much of the material in the box(es) pertains to this litigation as opposed to Plaintiff's other litigation. Although the Court is sensitive to space and safety concerns presented by storage of large amounts of paper and other materials by inmates as a whole, this limited exception – even assuming that the amount of documents would exceed the one cubic foot limit provided for by the applicable policy – would not appear to be against the public policy, particularly in light of the overarching concerns of allowing inmates access to their own legal materials on the eve of trial.

In light of the foregoing, it is recommended that Plaintiff's motion for preliminary injunction allowing him access to his own legal materials pertaining to this litigation and which were seized upon his transfer be granted.

The undersigned notes that Plaintiff also requests that ODOC provide him with an adequate law library and house him in a correctional facility "within the jurisdictional boundaries of this Court." Plaintiff's Motion for Temporary Restraining Order and Motion for Preliminary Injunction, p. 5. He contends that he was formerly housed at two facilities that had prison law libraries, but after filing a grievance against Defendant Tucker was transferred, and then transferred again, and now is housed at Cimarron Correctional Facility which is a private prison facility without a law library and which is outside this Court's jurisdiction. Id. Although as noted, Plaintiff has made an adequate showing regarding his need for injunctive relief with regard to his own legal files, he has not done so with regard to his need for a law library. In Bounds v. Smith, 430 U.S. 817 (1977), the Supreme Court recognized that inmates have a well-established constitutional right of access to the courts and that States must affirmatively assure that inmates are provided "meaningful access to the courts." Id. at 820- 821, 824. Nevertheless, the Court recognized that its decision "does not foreclose alternative means to achieve that goal," which may be fulfilled by providing prisoners "with adequate law libraries or adequate assistance from persons trained in the law" to ensure prisoners have "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Id. at 825, 828, 830. Because there is no "abstract, freestanding right to a law library or legal assistance," an inmate alleging a denial of his right of access to the courts must show actual injury and "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis v. Casey, 518 U.S. 343,

351 (1996). Hence, the inmate must show that deficiencies in the law library or legal assistance program actually "hindered his efforts to pursue a legal claim" in order to establish a violation of his constitutional right of access to the courts. Id. Plaintiff's motion and supporting declaration provide no facts from which to infer that he is being denied his constitutional right of access to the courts under the prevailing standard established in Bounds and Casey simply because there is no law library at Cimarron. However, it is noted that on two recent occasions, this Court has invited Plaintiff to re-urge his motion for appointment of counsel but he has not done so.

With regard to Plaintiff's request for transfer, he states he wants a transfer to a prison facility within this Court's jurisdiction. However, it appears that he is claiming that transfer is required in hopes that he will be moved to a facility that has a law library. Regardless, venue of actions under 42 U.S.C. § 1983 is governed by the general venue provision of 28 U.S.C. § 1391(b), and all of the relevant events took place in the Western District of Oklahoma, thus venue is proper here. Plaintiff's transfer does not change that fact. Moreover, a Court order directing ODOC to transfer Plaintiff would interfere with prison management, and is improper in light of Plaintiff's failure to make any showing that his current housing situation is interfering with his access to the courts. See Turner v. Safley, 482 U.S. 78, 84-85 (1987).

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that Plaintiff's motion for preliminary injunction [Doc. No. 127] be granted to the extent that he requests access to his legal materials, but otherwise denied. It is further recommended that the Oklahoma

Department of Corrections be directed to send Plaintiff all legal materials pertaining to this litigation which were among those seized upon Plaintiff's transfer from the James Crabtree Correctional Center. In light of this recommendation, it is further recommended that Plaintiff's motion to stay case [Doc. No. 129] motion re-urging his motion for temporary restraining order and preliminary injunction [Doc. No. 133], and Motion for Leave to File Response to Supplement Special Report [Doc. No. 135] be denied as moot.[2] The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by April 7, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter and, as the parties have chosen not to consent to magistrate judge jurisdiction, the matter is referred back to Chief Judge Cauthron.

**ENTERED this 18th day of March, 2008.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE

---

[2]Plaintiff's motion for leave to file sur-reply [Doc. No. 130], which in fact is a sur-reply, is hereby granted and it was considered.