IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER LONGSTRETH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-05-221-C |
| ) | |
| STEVE TUCKER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Plaintiff filed the present action pursuant to 42 U.S.C. § 1983, seeking redress for a claim of excessive force. Following the resolution of Motions for Summary Judgment filed by Defendants, only Plaintiff's claim against Defendant Tucker in his individual capacity remains. While the case is proceeding through pre-trial preparations, Plaintiff has filed a Motion for Temporary Restraining Order seeking the Court's assistance regarding his legal materials. According to Plaintiff, officials with the Oklahoma Department of Corrections ("ODOC") have seized his legal materials and threatened destruction of same. In a thorough and well reasoned Report and Recommendation ("R&R"), Judge Argo determined that Plaintiff's request was well founded and recommended a TRO[1] issue. Plaintiff has filed an Objection to the R&R complaining it was issued before his response to the supplemental special report was filed. Plaintiff also complains of certain language used in the R&R, stating it does not accurately reflect the facts of the case.

---

[1] Because the injunctive relief was issued with notice, the Court will refer to it as a preliminary injunction. See Fed. R. Civ. P. 65.

After de novo review of the R&R, Plaintiff's Objection and the attachments thereto, the Court finds the R&R should be adopted in its entirety. Initially the Court notes that the issue for which Judge Argo recommended a preliminary injunction is only tangentially related to the gravamen of Plaintiff's Complaint. As noted, this case is premised on an allegation of excessive force. The request for injunctive relief seeks to prevent the destruction of certain personal files of Plaintiff which contain legal materials related to the excessive force case. In this regard, much of the relief sought by Plaintiff in his Objection and/or response to the supplemental report is beyond the scope of the Amended Complaint and cannot be pursued.[2]

Turning to the Objection to the R&R, Plaintiff raises no issue therein which would alter the results set forth in the R&R. Likewise, the issues raised in the attached objection to the supplemental report likewise require no alteration of Judge Argo's determinations. The only issue which may require additional consideration is Plaintiff's assertion that not all the materials he needs are labeled with a case number. Therefore, Plaintiff argues, Judge Argo's recommendation that the ODOC be required to send Plaintiff "all legal materials pertaining to this litigation" will not resolve all issues. Until the ODOC complies with the preliminary injunction and provides Plaintiff with the required materials, it is unknown what, if any, materials are missing. Judge Argo's R&R unquestionably establishes Plaintiff's right

---

[2] In particular, Plaintiff's claims of lack of access to an adequate law library or legal resources must be pursued as a separate claim. However, the Court notes that Plaintiff may seek the Court's assistance in obtaining counsel which may alleviate the concerns about his access to legal resources. To the extent Plaintiff wishes counsel, he shall file an appropriate motion.

to the materials pertaining to this case and the Court anticipates the ODOC will comply whether those materials are specifically labeled with a case number or not. In the event Plaintiff finds materials covered by the preliminary injunction missing, he may seek additional relief.

Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge (Dkt. No. 136), and, for the reasons announced therein, Plaintiff's request for preliminary injunction (Dkt. No.127) is GRANTED. A separate Order outlining the details will issue. Plaintiff's Motion to Stay (Dkt. No. 129), his Motion Re-urging Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 133), and his Motion for Leave to File a Response to Defendants' Supplemental Special Report (Dkt. No. 135) are DENIED as moot.

IT IS SO ORDERED this 8th day of May, 2008.

ROBIN J. CAUTHRON
United States District Judge